1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAYMOND HENRY AFFONSO,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security<br><br>            Defendant. | **1:15-cv-1167 GSA**<br><br><br><br>**ORDER REGARDING PLAINTIFF'S<br>SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Raymond Henry Affonso ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits pursuant to Title II of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Gary S Austin. United States Magistrate Judge.[1]  (*See,* Docs. 19, 23, and 24).

///

///

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  (*See*, Docs. 7 & 8).

# FACTS AND PRIOR PROCEEDINGS[2]

### A.  Background

On August 4, 2011, Plaintiff filed an application for disability insurance benefits, alleging disability beginning June 27, 2011. AR 195-200.  His applications were denied initially and on reconsideration. AR 71-83; 96-112.  Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 143.  ALJ Danny Pitman held a hearing on October 23, 2013. AR 43-70.  On December 24, 2013, ALJ Pitman issued an order denying benefits. AR 25-38.  Plaintiff filed an appeal and submitted additional medical evidence to the Appeals Council. AR 284-285; 712-748.  On May 29, 2015, the Appeals Council denied review, rendering that the final decision of the Commissioner. AR 1-7.  Plaintiff sought judicial review by commencing the instant action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff argues that the ALJ's decision is not supported by substantial evidence in light of the additional evidence that was submitted to the Appeals Council.  Plaintiff further contends that the ALJ's credibility analysis was improper. Plaintiff requests that this case be remanded for further consideration of the additional evidence and for reconsideration of the ALJ's finding. (Doc. 19, pgs. 7-18).

### 1.  The Disability Standard

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not
> only unable to do his previous work, but cannot, considering his age, education, and work
> experience, engage in any other kind of substantial gainful work which exists in the
> national economy, regardless of whether such work exists in the immediate area in which

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

he lives, or whether a specific job vacancy exists for him, or whether he would be hired if
he applied for work.

42 U.S.C. § 1382c(a)(3)(B). To achieve uniformity in the decision-making process, the

Commissioner has established a sequential five-step process for evaluating a claimant's alleged

disability.  20 C.F.R. § 404.1520(a).  The ALJ proceeds through the steps and stops upon

reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. § 404.1520(a)(4).

The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1513.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial

gainful activity during the period of alleged disability; (2) whether the claimant had medically-

determinable "severe" impairments;  (3) whether these impairments meet or are medically

equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1;

(4) whether the claimant retained the residual functional capacity ("RFC") to perform his past

relevant work;  and (5) whether the claimant had the ability to perform other jobs existing in

significant numbers at the regional and national level. 20 C.F.R. § 404.1520(a)(4).

   2.   *Summary of the ALJ's Decision*

After applying the above analysis, the ALJ determined that Plaintiff did not meet the

disability standard.  AR 29-39.  More particularly, the ALJ found that Plaintiff met the insured

status requirements through December 31, 2015, and had not engaged in substantial gainful

activity since June 27, 2011, the alleged disability onset date.  AR 30.  Further, the ALJ identified

chronic obstructive pulmonary disorder, asthma, chronic liver disease, hepatitis C, depressive

disorder, and anxiety disorder as severe impairments. AR 30. However, he found these

impairments alone, and in combination, did not meet a listing impairment criteria.  AR 31.  The

ALJ concluded that Plaintiff could perform light work, except that he should avoid concentrated

exposure to fumes, odors, dust, gases, and poor ventilation, and he is capable of completing

simple, routine, repetitive tasks.  AR 33.  After considering the testimony of a vocational expert,

the ALJ concluded that Plaintiff could not perform his past work, but that he could work as a

cashier, a fast food worker, and a cafeteria attendant.  AR 36-38.  Accordingly, the ALJ found

that Plaintiff was not disabled. AR 38.

   3.   *The Appeals Council's Decision*

   After the ALJ issued the decision denying benefits, Plaintiff submitted additional records to the Appeals Council.  AR 2; 284-285; 712-748.  The Appeals Council considered some of the evidence and made it part of the administrative record.  AR 5-6; 284-285; 712-748.  Relevant to this appeal is an evaluation by Dr. Robert Morgan, Ph.D., dated April 4, 2014. AR 736-745. When considering the evidence, including Dr. Morgan's report, that Appeals Council stated, "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council … We found that this information does not provide a basis for changing the Administrative Law Judge's decision." AR 1-2.  The Appeals Council also noted that it had looked at other treatment records Plaintiff had submitted.  However, it determined that the other treatment records related to another time after the ALJ's decision.[3] Therefore, it did not affect the decision about whether Plaintiff was disabled beginning on or before December 24, 2013. AR 2. Plaintiff was advised that if he wanted to be considered for disability after December 24, 2013, he would need to apply again. AR 2.

## **STANDARD OF REVIEW**

   Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

   "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).   It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a

---

[3] These documents included: Records from Madera Pulmonary and Sleep Disorders Center, Inc. dated January 10, 2014 through August 28, 2014 (14 pages); treatment records from Merced Faculty Associates Medical Group dated January 6, 2014 through April 9, 2014 (15 pages); evidence from Quest Diagnostics dated June 26, 2014 (2 pages); treatment records from JK Health Management dated January 17, 2014 through August 8, 2014 (4 pages); treatment records from California Gastroenterology Associates dated April 2, 2014 through July 2, 2014 (9 pages); a questionnaire by Khalid Rauf dated February 4, 2014 (3 pages); and a physician statement from AETNA life insurance dated February 6, 2014. AR 2.

conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## DISCUSSION[4]

Plaintiff argues that the ALJ's decision is not supported by substantial evidence in light of the psychological report conducted by Robert Morgan, Ph.D. (AR 736-748) which was submitted to the Appeals Council after the ALJ issued his decision. He further contends that the ALJ's credibility determination is not proper because the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony. The Defendant argues that the Appeals Council's consideration of this additional evidence was proper, and that the ALJ's credibility determination is supported by substantial evidence.

### A. *Dr. Morgan's Report*

As a preliminary matter, Defendant argues that that Appeals Council rejected Dr. Morgan's Report because it related to a later time and it was not relevant to the ALJ's decision. (Doc. 23, pg. 10). However, the Court disagrees with this interpretation of the record. The Appeals Council accepted the report and made it part of the record by numbering the document as Exhibit 22F, but noted that it did not provide a basis for changing the ALJ's decision. AR 2, 5-6. The Appeals Council found that the *other* treatment records Plaintiff had submitted related to a time period beyond the ALJ's decision, and therefore it did not consider those documents, or admit them into the record. AR 2; 5-6.[5]

---

[4] The Court has carefully reviewed and considered all of the briefs, including the arguments, points and authorities, and exhibits. Any omission of reference to a specific argument or brief is not to be construed that the Court did not consider the argument or brief.

[5] Even if the Appeals Council had rejected Dr. Morgan's report on the basis that the report was made after the disability period, that finding would have been made in error. The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council, and require that the Council consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision. *See*, 20 C.F.R. § 404.970(b). Here, as part of his assessment, Dr. Morgan reviewed several other reports and evaluations that were completed during the relevant disability period and were part of the administrative record. AR 737. Moreover, Dr. Morgan proffered an opinion that Plaintiff was disabled at the time he initially applied for benefits. AR 745. Thus, Dr. Morgan's opinion concerns the status of Plaintiff's mental impairments and limitations before the expiration of his insured status period. Moreover, the Ninth Circuit has specifically held that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Taylor v. CSS*, 659 F. 3d 1228, 1232 (9th Cir. 2011). Thus, even if the Appeals Council rejected Dr. Morgan's opinion because it related to a time after the ALJ's decision, its rejection was improper.

Because the Appeals Council considered Dr. Morgan's report and made it part of the record, the Court has reviewed the ALJ's decision under the substantial evidence standard and has considered Dr. Morgan's opinion. *See Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council); *Burnell v. Colvin*, 775 F. 3d 1133, 1136 (9th Cir. 2014) quoting *Brewes v. Commissioner of Social Sec. Admin*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.").[6] Upon a review of Dr. Morgan's evaluation, the Court cannot find that the ALJ's opinion is supported by substantial evidence. At step three of the sequential evaluation, the ALJ found that plaintiff's impairments did not meet or equal any of the listing impairments. AR 31-33.  However, in the April 4, 2014 opinion, Dr. Morgan opined that plaintiff meets the listing criteria for Listing 12.04. AR 746.  In doing so, Dr. Morgan opined that plaintiff had a "marked" degree of limitation in his restrictions of: 1) activities of daily living; 2) difficulties in maintaining social functioning;  and 3) difficulties in maintaining concentration, persistence or pace. AR 748.  Dr. Morgan also found that plaintiff's ability to maintain regular attendance, complete a normal workday, and interact with co-workers and the public, was markedly impaired. AR 745.  It was Dr. Morgan's opinion that the "[l]ikelihood is high," of plaintiff's "emotional deterioration in work-like environment," and that plaintiff had "been disabled since the point in time that he initially applied for Disability." AR 745.

---

[6] Although the Defendant argues that the submission of this evidence is more akin to evidence that was submitted in *Clem v. Sullivan*, 894 F. 2d 328, 332 (9th Cir. 1990) – namely, that it was solicited after the Plaintiff's disability claim failed, the Court disagrees. (Doc. 23, pgs. 10-11). The evidence submitted by Plaintiff falls squarely into reasoning outlined by the Ninth Circuit in *Brewes*.

The Court recognizes that the opinion as to whether a claimant is unable to work is an administrative finding reserved exclusively for the Commissioner. See SSR 96–5p; *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("[E]valuation of a disability is an administrative determination of how an impairment, in relation to education, age, technological, economic, and social factors, affects ability to engage in gainful activity."). It is also noted that on appeal, the Appeals Council is not required to provide a "detailed rationale" or make any particularized evidentiary showing as to why it rejected a post hearing opinion. *See Taylor v. Comm. of Soc. Sec. Admin.*, 659 F. 3d 1228, 1233 (9th Cir. 2011); *Warner v. Astrue*, 859 F. Supp. 2d 1107, 1115 (C.D. Cal. 2012) (under Taylor, the Appeals Council is excused from offering any explanation for rejecting post-hearing treating source opinions); *accord Crater v. Astrue*, 2012 WL 3106625, *5 (C.D. Cal. July 30, 2012).  However, in this instance, evidence has been submitted that directly contradicts that ALJ's finding regarding a listing criteria that the ALJ did not have an opportunity to evaluate.  The Commissioner has given a number of reasons why this evaluation should be given little weight, including that the report contains no support for the doctor's belief that Plaintiff met the listing, and that the doctor relied upon the Plaintiff's self-reported symptoms.  (Doc. 23, pg. 11). However, these reasons were not articulated by the ALJ or by the Appeals Council, and therefore the Court will not address these arguments. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r,* 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (We are constrained to review the reasons the ALJ asserts).

Given Dr. Morgan's report, this Court cannot find that the Commissioner's decision is supported by substantial evidence. Dr. Morgan identified several functional limitations that may not only alter the ALJ's RFC findings, but could alter the ALJ's ultimate finding of disability. AR 736-748.  It would be improper for this Court to make a disability determination at this juncture because it is unclear from the medical record whether Plaintiff meets a listing impairment. The ALJ must examine the new evidence to determine if further testing is necessary,

or whether this new information alters his initial findings.

### B. *Plaintiff's Credibility*

Because the Court remands this case for consideration of the new medical evidence, the Court dispenses with an exhaustive analysis of the ALJ's assessment of Plaintiff's credibility. This issue is inescapably linked to conclusions regarding the medical evidence, and the ALJ will need to make a new credibility determination in light of this new evidence.  However, the Court notes that since the time the ALJ issued his decision, the Ninth Circuit Court of Appeals has issued two new decisions further elaborating on the requirements of credibility determinations in Social Security cases.  *See*, *Brown-Hunter v. Colvin*, 806 F. 3d.487 (9th Cir. 2015); *Burrell v. Colvin*, 775 F. 3d 113 (9th Cir. 2014).  Thus, any credibility analysis shall comply with the guidance outlined in these two opinions, as well as the previously existing case law.

### C.     *The Case Shall Be Remanded For Further Proceedings*

With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. at 1021. *See also, Treichler v. Commissioner of Social Sec. Admin*., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, as outlined above, the record has not been fully developed and further administrative proceedings would serve a useful purpose. Accordingly, this matter will be remanded for further proceedings. On remand, the ALJ shall consider and evaluate Dr. Morgan's opinion. The Court offers no opinion regarding the weight the ALJ should give Dr. Morgan's report. Additionally, the ALJ shall also assess Plaintiff's credibility in light of this new evidence.

### CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole. Accordingly, this Court ORDERS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be GRANTED. The Court further ORDERS this case be remanded for further proceedings consistent with this order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff, Raymond Henry Affonso, and against Defendant Carolyn W. Colvin, Commissioner of Social Security, and close this case.

IT IS SO ORDERED.

Dated:   **November 12, 2016**                     **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE

9